Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Safwan Jackie,<br><br>Plaintiff,<br><br>vs.<br><br>BMW Financial Services NA, LLC and John Does I-X,<br><br>Defendants. | Case No. 2:23-cv-9467<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

### NATURE OF ACTION

1. Plaintiff Safwan Jackie ("Plaintiff") brings this action against Defendants BMW Financial Services NA, LLC ("BMW") and John Does I-X ("Does I-X") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq.*

Complaint - 1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person that at all relevant times resided in Van Nuys, California.

5. BMW is a Delaware limited liability company that regularly conducts business in California.

6. BMW, as part of its business, regularly purchases consumer paper in the form of automobile loans.

7. BMW is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

9. At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

10. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. On or about October 3, 2022, Plaintiff purchased a 2019 BMW X3 (the "Vehicle") from non-party, Pacific BMW.

12. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract").

13. As part of the Contract, Plaintiff provided Pacific BMW and its assignees a security interest in the Vehicle.

14. Thereafter, the Contract was assigned to BMW.

15. BMW is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

16. The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

17. Plaintiff purchased the Vehicle for personal, family, and household use.

18. The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

19. Thereafter, BMW engaged its repossession agents, Does I-X, to repossess the Vehicle.

20. On or about June 29, 2023 at approximately 4:23 A.M., Does I-X went to Plaintiff's home to repossess the Vehicle.

21. On that morning, the Vehicle was parked in Plaintiff's gated yard (which had posted "no trespassing" signs), ahead of another vehicle.

22. Discovering the Vehicle could not be repossessed as it was currently situated, Does I-X should have departed the scene and attempted to take the Vehicle at a later time.

23. Instead of trying again later, Does I-X elected to try to take the Vehicle by force and intimidation.

24. In the middle of the night, Does I-X trespassed into Plaintiff's gated yard, rang Plaintiff's doorbell, and banged on Plaintiff's door with a flashlight.

25. Does I-X's actions frightened Plaintiff and his family.

26. When Plaintiff answered the door, Does I-X demanded Plaintiff turn over the keys to the Vehicle.

27. Plaintiff, fearing a burglary or home invasion, demanded Does I-X provide identification.

28. Does refused to provide identification and Plaintiff refused to comply with Does I-X's requests.

29. A rowdy confrontation then erupted during which Does I-X threatened Plaintiff's family with violence.

30. Eventually, Defendants ceased the repossession and departed the scene.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X

31. Plaintiff repeats and re-alleges each factual allegation above.

32. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."

33. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession.

34. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

35. Plaintiff unequivocally protested the repossession.

36. Once Plaintiff protested the repossession, Does I-X lost the right to continue with the repossession

37. Nonetheless, Does I-X continued with its repossession and thereby breached the peace.

38. A repossession agent's threats of force is a breach of the peace.

39. By threatening to assault Plaintiff's family during the attempted repossession, Does I-X breached the peace.

40. By illegally entering Plaintiff's gated yard to undertake the attempted repossession, and violating California law so doing, Does I-X breached the peace.

41. A repossession agent's breach of the peace negates a right to possession.

42. Because Does I-X breached the peace, they had no right to possession of the Vehicle.

43. Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession, or no right to possession of the property existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

# COUNT II
## VIOLATION OF CAL. COM. CODE § 9609(b)(2)
## BMW

44. Plaintiff repeats and re-alleges each factual allegation contained above.

45. The official comments to the California Commercial Code provide:

> In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party' behalf, including independent contractors engaged by the secured party to take possession of collateral.

Cal. Com. Code § 9609(b)(2) at Official Comment 3.

46. The peace was breached during BMW's attempted repossession.

47. BMW violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its attempted repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that BMW violated Cal. Com. Code § 9102(b)(2);

b) Awarding Plaintiff damages, pursuant to Cal. Com. Code § 9625(c);

c) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

d) Awarding such other and further relief as the Court may deem proper.

# COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.10(a)
## ALL DEFENDANTS

48. Plaintiff repeats and re-allege each factual allegation contained above.

49. Does I-X violated Cal. Civ. Code § 1788.10(a) by using physical force or violence or any criminal means to cause harm to Plaintiff or Plaintiff's property.

50. BMW, as the debt collector who hired Does I-X, is liable for Does I-X's violation of the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated Cal. Civ. Code § 1788.10(a);

b) Adjudging that BMW, as the debt collector that hired Does I-X, is liable for Does I-X's violation of the RFDCPA;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

# COUNT IV
# VIOLATION OF CAL. CIV. CODE § 1788.17
# ALL DEFENDANTS

51. Plaintiff repeats and re-allege each factual allegation contained above.

52. Does I-X violated 15 U.S.C. §§ 1692e(5) and f(6).

53. By violating 15 U.S.C. §§ 1692e(5) and f(6), Does I-X violated Cal. Civ. Code § 1788.17.

54. BMW violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

55. By violating Cal. Com. Code § 9102(b)(2), BMW violated 15 U.S.C. § 1692e(5).

56. By attempting to take possession of the Vehicle after the peace was breached, BMW violated 15 U.S.C. §§ 1692e(5) and f(6).

57. By violating 15 U.S.C. §§ 1692e(5) and f(6), BMW violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that BMW and Does I-X violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00 per Defendant;

    d) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

    f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

58.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 9, 2023    Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff